UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
                              :
UNITED STATES OF AMERICA      :    INFORMATION
                              :
        - v. -                :    19 Cr. 361 (NSR)
                              :
RALPH MANCINI,                :
                              :
        Defendant.            :
                              :
- - - - - - - - - - - - - - - X

### COUNT ONE

### (Mail Fraud)

The United States Attorney charges:

1. From at least in or about 2008 up to and including at least in or about 2016, in the Southern District of New York and elsewhere, RALPH MANCINI, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom, such matters and things, and did cause to be delivered by mail and such carriers, according to

the directions thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, MANCINI, on behalf of his company County Waste Management, Inc. ("County Waste"), transmitted by United States mail fraudulent invoices for waste disposal services and thereby induced commercial customers to transmit by United States mail payments to County Waste for services that had not, in fact, been performed.

(Title 18, United States Code, Sections 1341 and 2.)

## FORFEITURE ALLEGATION

2. As a result of committing the offense alleged in Count One of this Information, RALPH MANCINI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Asset Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due

2

diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

  (Title 18, United States Code, Section 981;
  Title 21, United States Code, Section 853; and
  Title 28, United States Code, Section 2461.)

*Geoffrey S. Berman*
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RALPH MANCINI,

Defendant.

INFORMATION

19 Cr.

(18 U.S.C. § 1341.)

GEOFFREY S. BERMAN
United States Attorney